IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| PETER BLACKSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-CV-167 |
| | ) | |
| MSC INDUSTRIAL DIRECT CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM OPINION**

This civil action is before the court for consideration of "Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint" [doc. 16]. Plaintiff has filed a response [doc. 19]. For the reasons that follow, defendant's motion will be granted in part and denied in part.

I.

*Background*

This civil action was originally initiated with a civil warrant filed against the defendant on March 26, 2012, in the General Sessions Court for Unicoi County, Tennessee. Defendant removed the case to this court on April 18, 2012 [doc. 1]. The civil warrant states that plaintiff was seeking "unpaid, non-mature stock grants lost as a result of wrongful termination." Plaintiff further asserted, "I filed a (sic) age discrimination charge with the Federal EEOC on 2/27/12 and was fired on 3/16/12." Plaintiff is acting *pro se* in this litigation.

Also on March 26, 2012, plaintiff's charge with the Equal Employment Opportunity Commission ("EEOC") was filed. Apparently, the first charge submitted by plaintiff was not signed and dated. On April 25, 2012, defendant filed a motion to dismiss or to hold the case in abeyance pending exhaustion of administrative remedies [doc. 3]. On June 6, 2012, the court entered an order staying this matter pending completion of administrative remedies [doc. 5]. The EEOC issued its "Dismissal and Notice of Rights" on December 17, 2012.[1]

By an order entered April 1, 2013, the court lifted the stay and placed the case back on the active docket. The court further ordered plaintiff to file an amended complaint that set forth more definite and specific allegations concerning his claims against defendant [doc. 10]. Plaintiff filed an amended complaint on April 11, 2013 [doc. 11]. On April 29, 2013, defendant filed a motion to dismiss the amended complaint [doc. 12]. Plaintiff did not respond to defendant's motion and instead filed a second amended complaint [doc. 15]. Defendant filed a motion to dismiss this amended complaint on June 10, 2013 [doc. 16]. Plaintiff filed a response on July 5, 2013 [doc. 19].[2]

---

[1] After receiving the decision by the EEOC, plaintiff filed a separate lawsuit (No. 2:13-CV-33) on January 30, 2013, that the court dismissed.

[2] Plaintiff's first response to this motion [doc. 18] was not signed. Plaintiff filed a signed response [doc. 19], which is the response before the court.

## II.

### *Standard of Review*

Defendant has brought its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In resolving a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008) (citing *Ass'n of Cleveland Fire Fighters*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555)).

III.

*Analysis*

Defendant interprets the second amended complaint as containing a claim for defamation. As a result, defendant argues that it is immune from liability as to a defamation claim based upon statements made to the EEOC and also that the defamation claim should be dismissed on the merits. In response, plaintiff states the following:

> The Defendant's claim of immunity from liability in defamation as cause for dismissal is irrelevant. *This claim is for age discrimination, not Defamation*. Defamation is a circumstantial result of Defendant's adverse employment action and not primary to this complaint and therefore irrelevant as pertains to grounds for dismissal. (emphasis added).

The court takes this statement as an affirmative representation by plaintiff that he is not asserting a claim for defamation and that the only claim plaintiff is pursuing is one for age discrimination. This affirming statement that he is not pursuing a defamation claim means that plaintiff will be limited exclusively to his age discrimination claim and cannot attempt to assert any arguments related to defamation nor seek any damages or remedies related to a defamation claim as part of his age discrimination case. Accordingly, defendant's arguments concerning dismissal of a defamation claim are moot.

With regard to the age discrimination claim, defendant argues that the allegations in the second amended complaint do not meet the pleading standard for Federal Rule of Civil Procedure 8 and *Twombly*. In the course of its arguments, defendant makes no reference to the documents plaintiff has attached to the second amended complaint. The

4

documents that are pertinent to the court's analysis are the letter to plaintiff from the EEOC explaining the dismissal of plaintiff's complaint and transmitting the "Dismissal and Notice of Rights" and a portion of defendant's response to the EEOC. The defendant's response contains a considerable excerpt from plaintiff's charge of discrimination that sets forth the basis for plaintiff's age discrimination claim. The letter to plaintiff from the EEOC also contains a brief summary of the allegations contained in plaintiff's charge of discrimination based upon his age.

"Rule 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citations omitted). As noted above, "[i]n determining whether a complaint states a claim, a court must accept as true all the factual allegations in the complaint and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. 570). In addition, the Sixth Circuit has pointed out "that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Id*. (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). As a general proposition in reviewing a motion to dismiss based upon Fed. R. Civ. P. 12(b)(6), "[m]atters outside the pleadings are not to be considered. . . ." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d

5

327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Rule 10(c) states in relevant part that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Thus, the letter from the EEOC and the defendant's response to the EEOC charge are a part of plaintiff's second amended complaint and can be considered in relation to the motion to dismiss.

In *Harney v. McCatur, Inc.*, No. CV-11-S-4103-NE, 2012 WL 2479630 (N.D. Ala. June 26, 2012), the district court, dealing with a *pro se* litigant, used the factual allegations in the plaintiff's EEOC charge to supplement the amended complaint. The plaintiff had attached her EEOC charge to the initial complaint. In support of its use of the EEOC to supplement the amended complaint, the district court relied on *Clark v. Huntleigh Corp.*, 119 F. App'x 666 (5th Cir. 2005). In *Clark*, the Fifth Circuit reversed a dismissal for the failure to state a claim where the plaintiff's complaint "included only hints of claims but included no real factual or legal allegations," but the EEOC charge that was attached to the *pro se* complaint "set out [plaintiff's] race and age discrimination allegations" and "adequately pleaded his discrimination claim." *Id*. at 667-668. "When we examine the attachments, we have no choice but to conclude that [plaintiff] has stated a claim for age and race discrimination. His EEOC charge sets out the parameters of this claim. . . ." *Id*. at 668.

Also, in *Diallo v. Celestica Corp.*, No. 3:10-CV-1513-M, 2011 WL 5925578, (N.D. Tex. Nov. 28, 2011), the district court addressed a *pro se* complaint with the EEOC investigative file and charge attached in the context of a motion for a more definite statement.

6

The court found that the "Plaintiff's complaint and attachments, taken together, comport[ed] with the notice pleading requirement of Rule 8(a)." *Id*. at *2.

The same conclusion applies in this case. While plaintiff's complaint lacks "real factual and legal allegations" for his age discrimination claim, the EEOC documents attached to the complaint that set out plaintiff's charge of discrimination adequately plead his claim for age discrimination. This finding, however, does not excuse plaintiff from sufficiently pursuing his case. The Fifth Circuit in *Clark* stated:

> Our opinion does not excuse [plaintiff] from future compliance with the Federal Rules of Civil Procedure. For example, he must properly respond, and provide his own suitable evidence, to any future motion for summary judgment that [defendant] might file. We merely hold that [plaintiff] adequately pleaded his discrimination claim.

*Clark*, 119 F. App'x at 668. The court echoes that opinion in this case.

Defendant also argues that plaintiff's retaliation claim should be dismissed for failure to exhaust administrative remedies and because it is time barred. In his response, plaintiff make no reference to a retaliation claim. As a result, the court considers any claim for retaliation to have been abandoned. "It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011) (quoting *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)); *see also Dage v. Time Warner Cable*, 395 F. Supp. 2d 668, 679 (S. D.

7

Ohio 2005) (plaintiff abandoned claim by failing to address it in responsive briefing to defendant's motion for summary judgment); *Kattar v. Three Rivers Area Hosp. Auth.*, 52 F. Supp. 2d 789, 798 n.7 (W.D. Mich. 1999) ("The Court will treat [due process] claim as abandoned because Kattar did not address it in his brief in response to Defendants' motion for summary judgment."). For this reason, defendant's motion to dismiss will be granted to the extent it seeks dismissal of plaintiff's retaliation claim.

IV.

*Conclusion*

Accordingly, for the reasons stated above, defendant's motion to dismiss will be granted in part and denied in part. An order consistent with this opinion will be entered.

ENTER:

          s/ Leon Jordan
United States District Judge