UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| PETER BLACKSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:12-cv-00167 |
| | ) |
| MSC INDUSTRIAL DIRECT CO., INC. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an employment discrimination case. Plaintiff, Mr. Blackshaw, commenced this pro se action claiming that his former employer, Defendant MSC Industrial Direct Co., Inc. ("MSC"), discriminated against him because of his age and retaliated against him after he filed a complaint with the Equal Employment Opportunity Commission. Plaintiff's retaliation claim having been previously dismissed [doc. 21], only his claim for age discrimination remains. Before the Court now is the Defendant's Motion for Summary Judgment [doc. 78]. The Defendant filed a supporting brief [doc. 79], Plaintiff responded [doc. 83], and Defendant replied [doc. 87]. The motion is ripe for disposition. For the reasons stated herein, the Defendant's Motion will be **GRANTED** and this case will be **DISMISSED**.

## BACKGROUND

MSC is a large national company engaged in marketing industrial supplies and equipment. On March 17, 2008, Plaintiff began work as a branch sales manager ("BSM") at MSC's Asheville, North Carolina, and Kingsport, Tennessee branches. Mr. Blackshaw received

favorable annual performance reviews in 2008, 2009, 2010, and 2011. In August 2011, one of Mr. Blackshaw's subordinates reported that Mr. Blackshaw was not meeting company operating standards at the Kingsport branch. Responding to the report, MSC conducted an investigation into his work performance beginning in January 2012. MSC's investigation included an on-site audit at the Kingsport Branch. Pending the results of the investigation, Mr. Blackshaw was suspended with pay on February 17, 2012. MSC ultimately concluded that Mr. Blackshaw had mismanaged inventory, failed to properly supervise subordinates, failed to engage with associates and conduct regular reviews, and failed to follow numerous other company policies. MSC further concluded that Mr. Blackshaw supplied false information during the investigation. His employment was terminated on March 16, 2012. Mr. Blackshaw testified that he was terminated by phone and that he was not given a reason for his termination, despite a request. (Blackshaw Depo. at 245). Mr. Blackshaw's position was filled internally by two other employees, Mr. Niles, age 53, and Mr. Hollenbach, age 49.

Plaintiff claims that MSC discriminated against him because he received a heavier workload than younger BSMs at other branches. (Amended Compl. at ¶ B.)2.) He alleges that the younger BSMs were allowed more staff and more resources (id.). He testified that requests for workload reductions were denied to him but granted to younger BSMs and that some younger BSMs were promoted ahead of him despite his superior performance. (Blackshaw Depo. at 139). Specifically, he testified that MSC's refusal to reduce his work to cover a single branch office, rather than two, was discriminatory because three younger BSMs, in Atlanta and Greensboro, North Carolina, that started with two were later reduced to one. (Blackshaw Depo. at 242). However, he also testified that he did not actually know why the other BSMs' workloads had been reduced. (Blackshaw Depo. at 140; 249).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc*., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The federal courts follow the "put up or shut up" rule on summary judgment motions. The moving party must first show that the non-movant who will have the ultimate burden at trial has failed to establish proof of an essential element of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). After the moving party shows that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In order to defeat the motion, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, (1986). "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

## LAW AND ANALYSIS

In his response to this motion, Mr. Blackshaw asserts "The claim of this appeal to this Court is that false and/or misleading statements were made to the EEOC by the Defendant." (Pl. Brief at 2). Plaintiff misunderstands the Court's role in this action. There is no civil claim for lying to the EEOC. The only claim in this case is for age discrimination and the Court's job here

is to determine whether there are genuine issues of material fact relevant to that claim. If the facts established here are contrary to the Defendant's representations to the EEOC, then so be it, but whether Defendant intentionally lied to the EEOC about inventory management or anything else has no direct bearing on this case and will not be decided here. Mr. Blackshaw's accusations of deception will therefore be disregarded.

Plaintiff alleges that he was discriminated against based upon his age. To establish a prima facie case of age discrimination under the ADEA, plaintiff must demonstrate that he was 1) at least 40 years old, 2) qualified for the position, 3) subjected to an adverse employment action, and 4) replaced by a substantially younger person. *See McElroy v Phillips Med. Sys. N. Am., Inc*., 127 F. App'x 161, 166 (6th Cir. 2005) (citing *Grosjean v. First Energy Corp*., 349 F.3d 332, 335 (6th Cir. 2003)). The fourth prong can also be established by the plaintiff showing that he was "treated less favorably than a similarly situated employee from outside the protected class." *Id*. In addition, the plaintiff "retains the ultimate burden of proving that 'age was the "but-for" cause of the employer's adverse action.'" *Harris v. Metro. Gov't of Nashville & Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010) (citing *Gross v. FBL Fin. Servs., Inc*.,129 S. Ct. 2343, 2351 (2009)); *Ky. Ret. Sys. v. EEOC*,128 S. Ct. 2361, 2366 (2008).

A plaintiff "may establish a violation of the ADEA by either direct or circumstantial evidence." *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir.2009). *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). If the plaintiff relies on circumstantial evidence, the claim is analyzed under a burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* analysis, the Plaintiff must first establish a prima facie case of discrimination. *Id.* The burden then shifts to the employer to proffer a legitimate, non-

discriminatory reason for the adverse action. *Id.* The Plaintiff must then demonstrate that the proffered reason was pretext for discrimination. *Id.*

In this instance, Mr. Blackshaw alleges (1) that he was treated less favorably than other BSMs because he received a heavier workload and was held to higher performance standards, and (2) that he was suspended and then terminated because of his age. Mr. Blackshaw has failed to meet his initial burden on either account. To begin, Plaintiff has yet to affirmatively state his age and has therefore not met even the first prong of an ADEA claim. The Court gleans from the EEOC documentation that Mr. Blackshaw was fifty-six years old at the time of the EEOC decision, but Plaintiff himself has not verified that. Furthermore, Mr. Blackshaw fails to show that he was treated any differently from younger employees. Mr. Erksa and Mr. English, two BSMs Mr. Blackshaw identified as receiving favorable treatment, both submitted affidavits attesting to the fact that they had also been responsible for two branches at some time during their MSC employment. Mr. Blackshaw testified that he did not know why their workloads had been reduced. Two other employees, Richard Nilles and William Hollenbach, attested that they are also BSMs over two branches. Mr. Blackshaw's predecessor at the Asheville and Kingsport branches also submitted an affidavit attesting that he was responsible for two branches at three separate periods during his employment. Mr. Blackshaw's immediate superior attests that branch assignments were determined by internal business analyses, and there is no evidence to contradict this assertion.

Even assuming, arguendo, that other BSMs were treated more favorably, Plaintiff offers no evidence that his age was the "but-for" cause of the disparate treatment. Simply stated, Mr. Blackshaw asserts only that he perceived that other BSMs were treated more favorably and that those BSMs happen to have been younger than him. "Mere personal beliefs, conjecture and

speculation are insufficient to support an inference of age discrimination." *Chappell v. GTE Products Corp.*, 803 F.2d 261 (6th Cir. 1986). Mr. Blackshaw's claims that he was treated disparately because of his age do not rise above speculation and do not equate to a supported claim of age discrimination.

MSC asserts that its decision to terminate Mr. Blackshaw was legitimate. Responding to a subordinate's report, MSC claims that it conducted an investigation and concluded that Mr. Blackshaw's work performance was unsatisfactory for a number of reasons. Based on the results of their investigation, MSC decided to terminate his employment. Mr. Blackshaw responds by identifying ways in which his performance was satisfactory. For example, he asserts that the Kingsport audit was biased and inaccurate and that inventory losses were attributable to defective equipment. (Pl. Brief at pp. 3). He also alleges that the subordinate who reported his conduct to his superiors had herself been disciplined for poor performance. (Pl. Brief at pp. 5). However, he does not allege that MSC's actual reasons for its actions were in any way related to his age. In other words, MSC's reasons for terminating Mr. Blackshaw may have been pretext, but pretext for what? Effectively, Plaintiff merely states his disagreement with his discharge. Without a showing of discrimination, this is not a cognizable claim and statements such as "If the Defendant had legitimate and sufficient reasons for employment termination, there would be no need to falsify or misrepresent the facts" are insufficient to show a discriminatory motive. Plaintiff fails to adequately support his claim that age was a "but-for" factor in MSC's decision to terminate his employment.

As a final note, the Court acknowledges that Mr. Blackshaw is representing himself pro se in this matter and that the ADEA can be difficult even for lawyers to comprehend. However, even construing the pleadings liberally, Mr. Blackshaw fails to make a cognizable claim for age

discrimination and this Court cannot reform the pleadings to create inferences that are not there. A business is entitled to make non-discriminatory operating and personnel decisions as it sees fit, and there is no evidence that MSC did anything otherwise in this instance. Accordingly, summary judgment is appropriate.

## **CONCLUSION**

Because Plaintiff fails to show that there are genuine issues of material fact remaining and offers no evidence to support his claims, the Defendant's motion for summary judgment is **GRANTED**. An order consistent with this opinion will be entered.

**IT IS SO ORDERED.**

                                                 ENTER:

                                                 s/ Leon Jordan
                                         United States District Judge